IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON TUCKER,

      Plaintiff,

v.                                                    CASE NO. 1:20-cv-125-MW-GRJ

ELIZABETH MARIE TIMOTHY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Complaint.  ECF No. 1.

Plaintiff, proceeding *pro se*, filed this case on May 26, 2020, and names as

the sole defendant U.S. Magistrate Judge Elizabeth M. Timothy.  For the

following reasons, it is respectfully recommended that this case be

dismissed *sua sponte* as frivolous.[1]

Plaintiff alleges that he is asserting a civil rights claim pursuant to 42

U.S.C. § 1983.  He also indicates on the *pro se* complaint form that he is

bringing suit against a federal official pursuant to *Biven v. Six Unknown*

---

[1] Plaintiff has neither paid the $400.00 filing fee nor filed a motion to proceed as a
pauper.  Pursuant to Local Rule 5.3, "a party who files or removes a civil case must
simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to
proceed *in forma pauperis* under 28 U.S.C. § 1915."  Because the Complaint is patently
frivolous, the Court will not expend additional resources to resolve the fee issue.

*Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  ECF No. 1 at 3-4.

Plaintiff's claims against Judge Timothy stem from another civil case filed by Plaintiff that is pending in this Court:  *Tucker v. Saul,* Case No. 1:19-cv-330-EMT (N.D. Fla.).  Plaintiff complains that Judge Timothy granted a motion for extension of time filed by the defendant and that the order is somehow deficient because it "lacks a court seal."  ECF No. 1 at 4-5; *see Tucker v. Saul,* ECF No. 13.  Plaintiff also claims that Judge Timothy is using an "alias", based upon Plaintiff's assertion that the name "Elizabeth M. Timothy" is "not in good standing with the Florida Bar Association."  *Id.* at 4.  Plaintiff contends that Judge Timothy has denied him "the necessities of life & merged cases without consent."  This claim apparently relates to the consolidation of Case Number 1:19-cv-330-EMT with another civil case filed by Plaintiff, *Tucker v. Saul,* Case No. 1:20-cv-8-AW-GRJ.  *See Tucker,* Case No. 1:19-cv-330-EMT, ECF No. 27 (consolidation order).  For relief, Plaintiff seeks to remove Judge Timothy from Case Number 1:19-cv-330-EMT and an award of "actual damages to be determined in trial."  ECF No. 1 at 6.

This Court has the authority to *sua sponte* dismiss a patently frivolous complaint without providing Plaintiff notice of intent to dismiss or an

2

opportunity to respond.  *Surtain v. Hamlin Terrace Found.,* 789 F.3d 1239, 1248 (11ᵗʰ Cir. 2015) (citing *Tazo v. Airbus S.A.S.,* 631 F.3d 1321, 1335-36 (11ᵗʰ Cir. 2011)).

A judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239.  This court "may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) (unpublished and quoting *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005).

It requires no lengthy analysis to conclude that Plaintiff's dissatisfaction with Judge Timothy's rulings does not give rise to liability under § 1983 or *Bivens*.  His claim that Judge Timothy is using an "alias" because he says her name does not appear in the Florida Bar rolls is spurious and likewise provides no basis for liability.  Plaintiff's claims are obviously barred by the doctrine of judicial immunity and are frivolous.

3

This Court has previously warned Plaintiff that the filing of frivolous complaints may lead to the imposition of sanctions, including monetary sanctions.  *Tucker v. Trump*, Case No. 1:17-cv-291-MW-GRJ, ECF No. 14 (3/29/18) (accepting Report & Recommendation, dismissing case, and issuing sanctions warning).  The undersigned recently recommended that another complaint filed by Plaintiff on the same date as the instant case be dismissed as frivolous and malicious.  *Tucker v. Horowitz,* Case No. 1:20-cv-124-MW-GRJ ECF No. 3 (pending Report and Recommendation).  Plaintiff has now filed at least three frivolous cases in the Northern District of Florida.  Should Plaintiff file a subsequent case that is deemed frivolous or malicious, the Court will recommend proceedings to determine the appropriate amount of a monetary sanction.[2]

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** *sua sponte* as frivolous without leave to amend.

**IN CHAMBERS** this 24th day of June 2020.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[2]Since this case was filed on the same date as *Tucker v. Horowitz,* and the recommendation in that case has not yet been adopted, the undersigned will not recommend imposition of a monetary sanction in this case.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.